**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1476

EDNA GIGON,

Plaintiff - Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Frank D. Whitney, District Judge.  (1:20-cv-00133-FDW)

Submitted:  September 26, 2023                    Decided:  December 20, 2023

Before THACKER and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Charlotte W. Hall, ARROWOOD AND HALL, PLLC, Raleigh, North Carolina, for Appellant.  Dena J. King, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina; David N. Mervis, Special Assistant United States Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edna Gigon appeals the district court's order upholding the Administrative Law Judge's (ALJ) denial of Gigon's application for disability insurance benefits. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Gigon's claim for benefits, and the ALJ's factual findings are supported by substantial evidence. The ALJ's decision not to include additional limitations in Gigon's residual functional capacity is supported by substantial evidence, and his basis for declining to do so is reasonably apparent from the decision. The ALJ's assessment of Gigon's subjective complaints is also supported by substantial

2

evidence.  Accordingly, we affirm the district court's judgment upholding the denial of benefits.  *Gigon v. Comm'r of Soc. Sec.*, No. 1:20-cv-00133-FDW (W.D.N.C. Mar. 29, 2022).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*